# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT MCCULLOUGH, | |
|    Plaintiff, | NO. 3:17-cv-1856 |
| v. | (JUDGE CAPUTO) |
| LARRY SPATHELF AND JASON WESTGATE, | |
|    Defendants. | |

## MEMORANDUM

Presently before me are two motions to dismiss (Docs. 9 and 14) Plaintiff Albert McCullough's ("McCullough") Complaint (Doc. 1) under Fed. R. Civ. P. 12(b)(6) filed by Defendants Larry Spathelf ("Defendant Spathelf") and Jason Westgate ("Defendant Westgate"). Because McCullough fails to state a claim for false arrest or a Fourteenth Amendment due process violation, but sufficiently states a claim for malicious prosecution, both motions will be granted in part and denied in part.

## I. Background

The relevant factual record as alleged in the Complaint is as follows. Plaintiff Albert McCullough ("McCullough") was on state parole for a period of time leading up to the events underlying this action. (Doc. 1, ¶ 14.) Throughout McCullough's parole, his supervision was without incident or violations. *Id.* McCullough was scheduled to be released from parole supervision on April 25, 2014. *Id.*

McCullough resided at 640 Alder Street in Scranton, along with his sister-in-law, her children, and, at various times, other adult individuals. *Id.* at ¶ 15. McCullough occupied the third floor attic portion of the residence, where he kept all of his clothing and personal effects. *Id.* at ¶ 16. This living space was inspected at regular intervals by Pennsylvania parole agents throughout his period of parole. *Id.*

On April 22, 2014, the Scranton Police Department arrested Robert Wyche

("Wyche") on Alder Street in the vicinity of 640 Alder Street. *Id.* at ¶ 17. The Scranton Police Department filed a criminal complaint, No. 14-13167, docketed in District Magistrate Corbett's office at 159-CR-2014. *Id.* The criminal complaint filed against Wyche charges him with Possession with Intent to Deliver a Controlled Substance, namely, heroine. *Id.* The affidavit of probable cause indicates that at the time of their arrest, both Wyche and the apparent buyer, Raymond Lavelle ("Lavelle"), admitted that the heroin found in Lavelle's vehicle was Wyche's and that Wyche was in the process of selling heroin to Lavelle. *Id.* at ¶ 18. One of the arresting officers of Wyche was Defendant Spathelf. *Id.* at ¶ 19.

Wyche was detained on April 22, 2014, and, following his arraignment, was remanded to the Lackawanna County Prison, where he remained for several days. *Id.* at ¶ 20. Notwithstanding Wyche's admission, he was released from the Lackawanna County Prison and the charges against him were withdrawn on May 8, 2014. *Id.* Wyche provided a statement to the Scranton Police Department following his arrest on April 22, 2014, falsely indicating that Plaintiff was storing drugs and a gun in a hidden compartment in the communal area of the 640 Alder Street residence. *Id.* at ¶ 21. Wyche was not a known and trusted informant for the police. *Id.* at ¶ 22. His statement was not against his interest, and, based upon the circumstances of his release, may have been made in protection of his interests. *Id.* There was no evidence corroborating Wyche's statement. *Id.* at ¶ 23.

On April 23, 2014, Defendant Spathelf contacted the Scranton office of the Pennsylvania Parole Department and provided the false information received from Wyche to Defendant Westgate, McCullough's parole officer. *Id.* at ¶ 24. Defendant Westgate and other parole agents then entered the property at 640 Alder Street and broke open a table found on the first floor, which was not McCullough's property. *Id.* at ¶ 25. McCullough's Complaint is silent regarding the results of the search, but alleges that Defendant Westgate arrested McCullough with the assistance of the Scranton Police Department, including Defendant Spathelf. *Id.* at ¶ 26.

McCullough's preliminary hearing was held the following day on April 24, 2014. (Doc. 16, Ex. 1.)[1] On May 29, 2017, McCullough waived his right to a hearing. *Id.* As a result, McCullough did not discover that the arrest was the result of Wyche's uncorroborated, false statement until testimony at a hearing on October 16, 2015, before the Honorable Vito P. Geroulo revealed that Defendant Spathelf had provided the "anonymous" tip relied on to obtain the search warrant leading to McCullough's arrest. (Doc. 1 at ¶ 30.) As a result of this testimony, an Order of *Nolle Prosequi* for lack of prosecutorial merit was filed on October 19, 2017, terminating the criminal proceedings against McCullough. *Id.* at ¶ 55.

On October 11, 2017, McCullough brought this lawsuit claiming a violation of his Fourteenth Amendment due process rights under 42 U.S.C. § 1983, as well as claims for wrongful arrest and malicious prosecution under the same statute. (Doc. 1.) Defendant Spathelf filed a Motion to Dismiss McCullough's Complaint on November 10, 2017 (Doc. 9), and Defendant Westgate filed a similar Motion to Dismiss on December 11, 2017. (Doc. 14.) Both motions argue that McCullough's entire Complaint is untimely, and that Count I of his Complaint should be dismissed for failure to state a claim for deprivation of his Fourteenth Amendment right to due process. Because the motions raise overlapping legal issues and address the same core of operative facts, I will consider the motions together. *See Comerota v. Vickers*, 170 F.Supp.2d 484, 487 (M.D.Pa. 2001).

## II. Legal Standard

A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim

---

[1] Because McCullough's claims implicate the procedural history of his underlying criminal case, I have consulted the docket in that case, which is a matter of public record which may be considered on a motion to dismiss. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993)(noting matters of public record a court may consider on a motion to dismiss "include criminal case dispositions such as convictions or mistrials.")(citation omitted); *Simpson v. City of Coatesville*, Civ. No. 10-0100, 2010 WL 3155307, at *5 & n.3 (E.D.Pa. July 28, 2010)(considering state court criminal docket in evaluating motion to dismiss plaintiff's § 1983 claims).

3

upon which relief can be granted." "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)). Generally, in deciding a motion to dismiss, courts rely on the complaint, exhibits attached to the complaint, and matters of public record, including other judicial proceedings. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2008).

"To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify legal conclusions which are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

### III. Discussion

*A. Statute of Limitations*

While a statute of limitations defense is technically an affirmative defense, it can be raised in a motion to dismiss "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)(internal citation and quotation marks omitted).

Because 42 U.S.C. § 1983 does not contain a statute of limitations, federal courts look to state statutes to determine what statute of limitations to apply. *See, e.g.*, *Board of Regents v. Tomanio*, 446 U.S. 478, 483 (1980)(noting lack of a statute of limitations for § 1983 causes of action is a "void which is commonplace in federal statutory law" and borrowing the state statute of limitations governing an analogous cause of action). The Supreme Court has held that § 1983 claims are best characterized as personal injury actions, and that therefore the state statute of limitations for personal injury actions should be applied to § 1983 claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007)(holding the length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose). The statute of limitations for a § 1983 claim arising in Pennsylvania is two years. 42 Pa.C.S.A. § 5524(2); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

Although state law governs the length of the statute of limitations for § 1983 actions, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law. *Wallace*, 549 U.S. at 388. Generally, accrual of a § 1983 claim "occurs when the plaintiff has 'a complete and present cause of action,' [] that is, when 'the plaintiff can file suit and obtain relief.'" *Id.* (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

In *Heck v. Humphrey*, the Supreme Court held that a § 1983 claim for damages attributable to an unconstitutional conviction or sentence does not accrue until that

conviction or sentence has been invalidated. 512 U.S. 477, 489-90 (1994). Similarly, a claim for malicious prosecution does not accrue until a criminal proceeding has terminated in the plaintiff's favor.[2] *Id.* However, the Court later held in *Wallace* that the *Heck* rule does not apply to false arrest claims.[3] 549 U.S. at 394-95; *see also Montgomery v. De Simone*, 159 F.3d 120, 126 n. 5 (3d Cir. 1998)(explaining that "claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence" because a claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the arrest). On a claim of unlawful arrest, a plaintiff may bring suit immediately after the alleged wrongful arrest occurs. *Wallace*, 549 U.S. at 388. However, the statute of limitations does not begin to run until the period of unlawful arrest ends because a plaintiff becomes held pursuant to process, i.e., he is "bound over by a magistrate or arraigned on charges." *Id.* at 389.

"In some cases, regardless of the exercise of all reasonable diligence, the complainant is unaware that she has suffered an injury, or unaware of its cause, or both, during the limitations period. Then, a judicially created doctrine, the 'discovery rule' may become applicable." *Lujan v. Mansmann*, Civ. No. 96-5098, 1997 WL

---

[2] To state a claim for malicious prosecution under 42 U.S.C. § 1983, a plaintiff must satisfy each of the following elements: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of a seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009)(en banc)(quotations omitted).

[3] "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). The question "is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)(quoting *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)).

634499, at *3 (E.D.Pa. Sept. 24, 1997). "In general, the discovery rule 'tolls the limitations period until the plaintiff learns of his cause of action or with reasonable diligence could have done so' and 'is an exception to the usual principle that the statute of limitations begins to run immediately upon accrual regardless of whether or not the injured party has any idea what has happened to him.'" *Stephens v. Clash*, 796 F.3d 281, 284 (3d Cir. 2015)(quoting *William A. Graham Co. v. Haughey*, 646 F.3d 138, 141, 150 (3d Cir. 2011)). The relevant question is "when the knowledge was known, or through the exercise of diligence, was knowable to the plaintiff" *Tate v. City of Phila.*, 646 F.App'x 156, 158 (3d Cir. 2016)(Mem.)(citation omitted). "There are very few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence." *Vernau v. Vic's Mkt., Inc.*, 896 F.2d 43, 46 (3d Cir. 1990)(citations omitted); *see also Dique v. New Jersey State Police*, 603 F.3d 181, 188 (3d Cir. 2010)(holding plaintiff's selective enforcement claim did not accrue until 11 years after his arrest because he was initially stopped for speeding, and it was not until his attorney discovered documents outlining the selective enforcement practices that he could have known his stop was part of such a scheme).

The crux of the parties' disagreement over when McCullough's false arrest and malicious prosecution claims accrued lies in the question whether McCullough could reasonably have discovered his injuries relating to these claims prior to the October 16, 2015 hearing, at which testimony revealed that Defendant Spathelf had provided the "anonymous" tip supporting the search warrant to Defendant Westgate.

McCullough's reliance on the testimony elicited at the October 16, 2015 hearing to invoke the discovery rule for purposes of his false arrest claim is misplaced. The relevant testimony revealed only that Defendants lacked probable cause to conduct the search of McCullough's residence; it did not reveal any new information about Defendants' probable cause to arrest McCullough based on the results of the search. The results of a search are relevant in an action for false arrest under § 1983, even if

7

the search itself was later found to be unlawful. *See Cox v. Pate*, 283 F.App'x 37, 40 (3d Cir. 2008)(notwithstanding the exclusion of evidence from use in plaintiff's criminal proceeding, such evidence could support a finding of probable cause in plaintiff's subsequent § 1983 action for false arrest)(citing *United States v. Calandra*, 414 U.S. 338, 348 (1974)(instructing that "standing to invoke the exclusionary rule has been confined to situations where the Government seeks to use such evidence to incriminate the victim of the unlawful search.")); *Hector v. Watt*, 235 F.3d 154, 157-158 (3d Cir. 2000)(victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy, but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution. The exclusionary rule "is not a personal constitutional right of the party aggrieved.")(citations omitted). Therefore, all facts relevant to a claim for false arrest were known to McCullough at the time of his arrest on April 23, 2014, and the statute began to run when he became held pursuant to process following his preliminary arraignment on April 24, 2014. The testimony at the October 16, 2015 hearing did not cause him to "discover" any information, the absence of which would have prevented him from making his claim earlier. Therefore, McCullough's false arrest claim will be dismissed with prejudice.

In contrast to his false arrest claim, McCullough's malicious prosecution claim did not accrue until the criminal proceedings terminated in his favor. *Heck*, 512 U.S. at 489-90. McCullough alleges, and Defendants do not contest, that this occurred on October 19, 2015, when the criminal trial court entered an Order of *Nolle Prosequi* for lack of prosecutorial merit. Defendants, however, argue that McCullough waived the issue of probable cause by waiving his right to a hearing on the issue on May 29, 2014. Generally, the question of probable cause in a § 1983 suit is one for the jury. *See Montgomery v. DeSimone*, 159 F.3d 120, 124 (3d Cir. 1998). However, Pa. R. Crim. P. 541 provides that "[t]he defendant who is represented by counsel may waive the preliminary hearing at the preliminary arraignment or at any time thereafter. [] The

defendant thereafter is precluded from raising the sufficiency of the Commonwealth's *prima facie* case unless the parties have agreed at the time of the waiver that the defendant later may challenge the sufficiency." Defendants point out that in *Commonwealth v. Sims*, the Superior Court of Pennsylvania held that, by waiving his preliminary arraignment, the accused conceded that the Commonwealth had established a prima facie showing that probable cause existed to believe the accused had violated his probation. 770 A.2d 346, 350 (Pa. Super. 2001). However, the common law presumption raised by a magistrate's prior finding that probable cause exists does not apply to § 1983 actions. *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 789 (3d Cir. 2000). "Even when a probable cause determination has been made, Pennsylvania law does not appear to treat that determination as definitive in a subsequent civil suit." *Boseman v. Upper Providence Twp.*, 680 F.App'x 65, 72 n. 13 (3d Cir. 2017)(citing *Cosmas v. Bloomingdales Bros., Inc.* 660 A.2d 83, 86-87 (1995)(holding that a finding of probable cause at a preliminary hearing may be evidence of probable cause in a subsequent suit, but it is not conclusive)).

In *Cosmas*, the Court explained that "[i]t is true that a holding-over [for trial] represents a decision by a neutral and experienced judicial officer that the prosecution has made out a *prima facie* case []. A determination of a *prima facie* case, however, does not necessarily equal a finding of probable cause such as will bar an action for malicious prosecution." 660 A.2d at 86. The Court reasoned that "[i]f the individual that initiated the prosecution was hasty or acted with lack of deliberation or care, this will not necessarily be apparent at a preliminary hearing where the only question is whether there is a *prima facie* case. Such haste or lack of care, however, may be an important issue in the search for probable cause in a malicious prosecution action." *Id.* at 86-87. A number of courts in the Third Circuit agree with this interpretation. *See, e.g., Jones v. Middletown Twp.*, 253 F.App'x 184, 190 (3d Cir. 2007)("mere fact" that plaintiff was held over for trial following a preliminary hearing did not shield defendants from malicious prosecution claim); *Pardue v. Gray*, 136 F.App'x 529, 533

(3d Cir. 2005)(affirming grant of summary judgment where the lower court "cited the independent findings of the District Attorney and magistrate as evidence that supported, rather than compelled, a finding of probable cause"); *Zimmerman v. Corbett*, Civ. No. 13-02788, 2015 WL 539783, at *5 (M.D.Pa. Feb. 10, 2015)(although a prior probable cause determination at a preliminary hearing may be very strong evidence in favor of a finding of probable cause, it need not be determinative at the motion to dismiss stage); *Kline v. Hall*, Civ. No. 12-1727, 2013 WL 1775061, at *5 (M.D.Pa. Apr. 25, 2013)("[A] finding of probable cause at a preliminary hearing is only 'weighty evidence' that there was probable cause; it is not conclusive.")(citations omitted). On this understanding of the probable cause determination made at a preliminary hearing, it is possible that a plaintiff could concede that the prosecution was able to make a prima facie showing of probable cause while still denying that probable cause in fact existed. Therefore, at this stage of the proceedings, I do not find that McCullough's waiver of the preliminary hearing precludes him from stating a claim for malicious prosecution.

*B. Fourteenth Amendment Substantive Due Process*

McCullough also asserts a substantive due process claim under the Fourteenth Amendment. The Supreme Court has clarified that a substantive due process claim should be rejected if the asserted violation falls under an explicit constitutional guarantee, such as the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989); *Albright v. Oliver*, 510 U.S. 266, 272-73 (1994). In *Albright*, the plurality commented that "as a general matter, the Court has always been reluctant to expand the concept of substantive due process, preferring, instead, to limit substantive due process protections to matters relating to marriage, family, procreation, and the right to bodily integrity." 510 U.S. at 271-72. Consequently, the plurality believed that the plaintiff's claim "to be free from prosecution except on the basis of probable cause is markedly different from the generally recognized type of substantive due process protections" and held that the Fourteenth Amendment did not provide relief under the

relevant circumstances. *Id.* at 272-73, 275. Similarly, in *Washington v. Hanshaw*, the plaintiff brought suit under the Fourteenth Amendment, alleging that the defendants had violated his rights by arresting him without probable cause and by "fabricating the circumstances pertaining to why they stopped him." 552 F.App'x 169, 172 (3d Cir. 2014). The Third Circuit held that this was "akin to" the *Albright* plaintiff's claim, and that the plaintiff was therefore foreclosed from bringing suit under the Fourteenth Amendment's due process guarantee. *Id.*

The right McCullough alleges has been violated is his "right under the Fourteenth Amendment not to have criminal proceedings initiated against him based on knowingly manipulated and fabricated facts, records, and/or evidence." (Doc. 1 at ¶ 45.) That right is directly analogous to the rights claimed by the *Albright* and *Washington* plaintiffs, and falls squarely within the ambit of the Fourth Amendment's protection against malicious prosecution. "[I]t is beyond argument that a claim of malicious prosecution under § 1983 cannot be based on substantive due process considerations." *Gordon v. City of Phila.*, 40 F.App'x 729, 730 (3d Cir. 2002)(citing generally *Albright*, 510 U.S. 266); *see also Merkle*, 211 F.3d at 792. McCullough's Fourteenth Amendment substantive due process claim will therefore be dismissed with prejudice.

### IV. Conclusion

For the above stated reasons, the Defendants' motions to dismiss will be granted as to McCullough's false arrest and Fourteenth Amendment substantive due process claims and denied as to his malicious prosecution claim.

An appropriate order follows.

April 12, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge